UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES FOR THE LABORERS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HEAVEY CONSTRUCTION, INC.,<br><br>Defendant. | Case No. 15-cv-00411-EDL<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE DEFAULT; ORDER REASSIGNING CASE**<br><br>Re: Dkt. Nos. 15, 22 |

On January 28, 2015, Plaintiffs filed this action under section 502 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to recover allegedly unpaid trust fund contributions, liquidated damages, interest, attorneys' fees and costs and an injunction requiring Defendant to submit its records for a compliance audit. Defendant was served with the summons and complaint on February 6, 2015. On March 19, 2015, the Clerk entered default. On June 8, 2015, Plaintiffs moved for entry of default judgment. On July 20, 2015, the day before the hearing on Plaintiff's motion, Defendant filed a motion asking the Court to "set aside entry of default judgment," which the Court construes as a motion to set aside the default because no judgment has yet been entered. Defendant failed to appear for the July 21, 2015 hearing on Plaintiffs' motion. For the reasons set forth below, the Court recommends granting Plaintiffs' motion, denying Defendant's motion and entering judgment in the amount of $217,587.23. The case is hereby reassigned to a district judge.

**I.   BACKGROUND**

Defendant is a professional contracting company bound to a written collective bargaining

agreement and trust agreement ("the Agreements") with Plaintiffs. (Cmpl. at 2; Peters Decl. ¶¶ 6-7, Exs. D-G.) Plaintiffs are the boards of trustees of four trust funds. (Cmpl. at 2.) Plaintiffs allege that they audited Defendant's books and records for 2008 to 2010 and found that Defendant owed $79,922.36 in contributions, $32,861.62 in liquidated damages and interest, and $3,838.75 in attorney's fees and costs. (Peters Decl. ¶ 14, Ex. H; see also Cmpl. at 3-4.) At that time, the parties entered into a settlement agreement. (Peters Decl. Ex. H.) However, Plaintiffs allege that Defendant breached this agreement and now owes fringe benefits contributions in the amount of $58,085.99 and liquidated damages and interest in the amount of $8,064.29. (Cmpl. at 4.) Plaintiffs also allege that Defendants breached the trust agreements by failing to pay, and, in some cases, delinquently paying, contributions required by the agreements. (Cmpl. at 4-5.) Plaintiffs allege that Defendant owes contributions in the amount of at least $90,856.73, liquidated damages and interest for late contributions in the amount of $28,707.73, and liquidated damages and interest for unpaid contributions in the amount of $20,702.16. (Cmpl. at 4.) After the complaint was filed, Defendant submitted contribution reports indicating that Defendant owes Plaintiffs contributions in the amount of $94,887.52 for work performed from November 2013 to March 2015. (See Peters Decl. ¶ 15, Ex. K.) Plaintiffs argue that Defendant owes liquidated damages and interest in the amount of $19,686.47 for unpaid contributions and $19,935.11 for late contributions. (Peters Decl. ¶ 15, Ex. M.)

Plaintiffs now seek default judgment in the amount of $217,587.23, which is the sum of: (1) $94,887.52 in unpaid contributions for worked performed from November 2013 through March 2015; (2) $19,686.47 in liquidated damages and interest for unpaid contributions during that time; (3) $19,935.11 in liquidated damages and interest for late contributions during that time; (4) $66,150.28 in unpaid contributions, liquidated damages and interest from the 2008-2010 audit; and (5) $16,370.00 in attorneys' fees and $557.85 in costs.

## II.     DISCUSSION

### A.     Jurisdiction and Service of Process

In considering whether to enter default judgment, a court must inquire into its jurisdiction over the subject matter and the parties. Tuli v. Republic of Iraq, 172 F.3d 707, 712 (9th Cir.

1999). Plaintiffs have properly pled subject matter jurisdiction under 29 U.S.C. §§ 185 and 1132. Plaintiffs have also established personal jurisdiction and that service was appropriate. Plaintiffs allege that Defendant is an employer under 29 U.S.C. § 1002(5) and 29 U.S.C. § 152(2), and Plaintiffs arranged for Defendant to be served in San Francisco, California.

### B.     Entry of Default and Default Judgment

Entry of default may only be set aside for "good cause shown." Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)). This analysis requires consideration of "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default [] would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion if any of the three factors [is] true." Id. at 925-26 (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)) (internal quotation marks omitted).

Additionally, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment. Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991). Entry of default judgment[1] requires the consideration of several factors, including: (1) the possibility of prejudice to the Plaintiffs; (2) the merits of Plaintiffs' substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] While a court may not enter default judgment against an unrepresented minor, an incompetent person, or a person in military service, Defendant is a corporation and therefore is none of these things and is not otherwise exempted from default judgment. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1)

See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

These factors weigh in favor of entry default judgment and against setting aside the default. As discussed below, Plaintiffs' claim is substantively supported by the text of the signed Agreements and ERISA. The complaint sufficiently outlines Plaintiffs' request for relief. (See Compl at 3-7.) The sum of money at stake, $217,587.23, is lower than other sums that courts have found reasonable. See Eitel, 782 F.2d at 1472 ("Eitel was seeking almost $3 million in damages"); see also Church Bros., LLC v. Garden of Eden Produce, LLC, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) (Davila, J.) (holding that a sum of $212,259.21 was a "modest" amount). As Plaintiffs point out that their claims are based upon Defendant's own contribution reports, as well a settlement agreement reached with Defendant, there is little risk of a dispute of material fact. Furthermore, Defendant was properly served and Defendant presents no evidence excusing his failure to appear earlier. Nor does Defendant offer an explanation for his failure to appear at the default judgment hearing. While Defendant vaguely claims in his motion that he "has defenses to this action" and that he disputes the amount of contributions due, Plaintiff's right to liquidated damages and interest, and the reasonableness of Plaintiff's attorney's fees, Defendant provides no explanation or evidence for these assertions. This is insufficient. See Franchise Holding, 375 F.3d at 926 ("[Defendant] now contends that while it may have conceded liability, it nevertheless contested the extent of the deficiency owed. To justify vacating the default judgment, however, [Defendant] had to present the district court with specific facts that would constitute a defense. [Defendant] never did this. Instead, it offered the district court only conclusory statements that a dispute existed. A mere general denial without facts to support it is not enough to justify vacating a default or default judgment." (internal quotation marks and citations omitted).) Additionally, although there is a strong policy favoring decisions on the merits, Plaintiffs persuasively argue that since they are entitled to these contributions, they will be prejudiced by further delay. Thus, the Court determines that these factors weigh in favor of an entry of default judgment for Plaintiffs.

**C. Liability**

Plaintiffs seek damages in the form of: (i) Defendant's unpaid and delinquent trust fund

contributions; (ii) liquidated damages and interest on these contributions; (iii) attorneys' fees and costs; and (iv) submission of Defendant's books and records for an audit. All of these damages are appropriate. In addition to the text of the Agreements and relevant case law, ERISA states that when an employee benefit plan obtains judgment in its favor, the plan is to be awarded:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent […] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132 (g)(2)(A-E).

### 1. Differences in the Amounts Between the Complaint and the Motion for Default Judgment

Under Federal Rule of Civil Procedure Rule 54(c), a default judgment must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiff' complaint alleges that Defendant failed to pay contributions in the amount of $58,085.99 pursuant to the settlement agreement for the 2008-2010 audit period and that Defendant owes liquidated damages and interest in the amount of $8,064.29. (Cmpl. at 4.) It also alleges that Defendant owes contributions in the amount of "at least $90,856.73," liquidated damages and interest for late contributions in the amount of $28,707.73, and liquidated damages and interest for unpaid contributions in the amount of $20,702.16. (Id.) The Prayer contains a demand for these monetary amounts. (Id. at 7.) Although Plaintiffs' motion for default judgment seeks the same amounts for the 2008-2010 audit period, it also seeks $94,887.52 for work performed from November 2013 to March 2015 as well as liquidated damages and interest in the amount of $19,935.11 for late contributions and $19,686.47 for unpaid contributions. (Mot. at 19; see also Peters Decl. ¶ 15, Exs. K, M.) Thus, while the kind of damages sought is identical, there is a difference of $4,030.79 between the demand for unpaid contributions in the complaint and the amount sought through default judgment. However, factoring in liquidated damages and interest, Plaintiffs are actually seeking $5,757.52 less than demanded in the complaint.

Courts have awarded damages not specifically mentioned in complaints in ERISA cases

5

where the defaulting defendants were on notice of the amounts sought. See, e.g., Bricklayers Local No. 3 Pension Trust v. Martin, No. 13-CV-04293-VC, 2014 WL 1998047, at *3-4 (N.D. Cal. May 12, 2014); Bd. of Tr. of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co. ("Air Balance"), Case No. 08–2038 SC, 2009 U.S. Dist. LEXIS 89373, at *10–*15 (N.D. Cal. June 17, 2009); Tr. of the Ironworkers Local Union No. 16 Pension Fund v. AS & L Indus. Servs. ("AS & L"), Case No. 12–2084, 2013 U.S. Dist. LEXIS 77721, at *3 (D.Md. May 31, 2013); Tr. of the St. Paul Elec. Constr. Indus. Fringe Ben. Funds v. Martens Elec. Co., 485 F.Supp.2d 1063, 1064–69 (D.Minn. 2007); Ames v. Stat Fire Suppression, Inc., 227 F.R.D. 361, 361 (E.D.N.Y.2005); cf. Tragni v. Souther Elec. Inc., Case No. 09–32 RS, 2009 U.S. Dist. LEXIS 86818, at *5–*7 (N.D.Cal. Sept. 2, 2009) (recommending that default judgment be denied because complaint was vague as to additional sums owed and Defendant lacked sufficient notice of additional amounts sought).

Here, Defendant was clearly on notice of the amounts sought as Plaintiffs are seeking a sum total of damages that is less than the amount demanded in the complaint. Moreover, Plaintiffs served Defendant by mail with all the filings in this case, including the motion for default judgment and supporting declarations, a fact that weighs in favor of awarding post-complaint damages. Air Balance, 2009 U.S. Dist. LEXIS 89373 at *12–*13; AS & L, 2013 U.S. Dist. LEXIS 77721 at *4.

### 2. Delinquent and Unpaid Trust Fund Contributions

Plaintiffs allege that Defendant owes $94,887.52 in delinquent and unpaid contributions from specific months between November 2013 to March 2015. (Peters Decl. Ex. K (providing a breakdown of funds owed from each month).) Plaintiffs further allege that Defendant owes $58,085.99 in unpaid fees as revealed during Plaintiffs' compliance audit of Defendant's books and records. (Peters Decl. Ex. J (outlining amount owed and payment history).) These amounts are appropriate. Defendant received clear notice of these allegations upon service of Plaintiffs' complaint. (Compl. at 3-6.) ERISA section 502(g)(2)(A) instructs the Court to award unpaid contributions if default judgment is granted, and determinations regarding contributions due to trust funds are to be construed in the funds' favor. See Irwin v. Carpenters Health and Welfare

6

Trust Fund for California, 745 F.2d 553, 555-557 (9th Cir. 1984); Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir. 1988).  This Court thus recommends awarding Plaintiffs the full $152,973.51 in delinquent and unpaid contributions.

### 3. Liquidated Damages and Interest

In addition to unpaid and delinquent contributions, Plaintiffs claim liquidated damages and interest on these contributions in accordance with ERISA and Defendant's contract.  Plaintiff seeks (i) $1,500 in liquidated damages and $18,186.47 in interest for reported but unpaid contributions from November 2013 to March 2015; (ii) $3,600 in liquidated damages and $16,335.11 in interest for contributions paid late between March 2011 and January 2015; and (iii) $8,064.29 in liquidated damages and interest for delinquent contributions during the audited period.[2]  It is appropriate to award Plaintiffs these damages.

ERISA section 502(g)(2)(C)(ii), the liquidated damages provision, "applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of the suit, and (3) the plan provides for liquidated damages."  Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989) (emphasis in original).  As Plaintiffs have satisfied each factor here, liquidated damages are appropriate.  Furthermore, the liquidated damages sought are less than the actual costs incurred by Plaintiffs in their attempt to recover such damages, and are appropriate in light of similar ERISA cases.  See Peters Decl. ¶ 12; see also, e.g., Bd. of Trs. v. KMA Concrete Constr. Co., 2011 WL 4031136, at *7 (N.D. Cal. Aug. 12, 2011) (Beeler, J.) ("[b]ecause the liquidated damages provision was part of the bargain and Section 1132(g) [of ERISA] specifically contemplates a liquidated damages award . . . the court finds the liquidated damages reasonable.").  In addition to liquidated damages, ERISA also explicitly allows for recovery of interest on unpaid or late contributions.  29 U.S.C. § 1132 (g)(2)(B).

Further, the Trust Agreement of which Defendant is a signatory under the Northern California District Council of Laborers ("Trust Agreement") explicitly provides for both

---

[2] Liquidated damages are assessed at a flat fee of $150.00 per month plus 1.5% per month on all unpaid contributions.  (Peters Decl. ¶ 12.)

7

liquidated damages and collection of interest in the event of delinquent payments.  (Peters Decl. ¶ 12; Peters Decl. Ex. A., Art. II, § 10.)  Here, there is both contractual and statutory support for collection of liquidated damages and interest, as well as case law supporting the amount sought.  Thus, the Court recommends awarding Plaintiffs the demanded amount of $47,685.87 in liquidated damages and interest.  This is less than the amount of liquidated damages and interest sought in the complaint.

### 4. Attorney's Fees and Costs

Plaintiffs seek $16,370.00 in attorney fees and $557.85 in costs.  Recovery of these fees is supported by contract, statute and case law.  Article 4, section 3 of the Trust Agreement states:

> [i]f any Individual Employer defaults in the making of Contributions or payments and if the Board consults legal counsel, or files any suit or claim, there will be added to the obligation of the Individual Employer who is in default, reasonable attorney's fees, costs and all other reasonable expenses incurred in connection with the suit or claim . . .

(Peters Decl. Ex. A., Art. IV § 3 at 9.)  ERISA also calls for attorney's fees and costs to be awarded in the case of favorable judgment for a trust fund.  29 U.S.C. § 1132(g)(2)(D).  Further, when a collective bargaining agreement has provided that a defaulting employer will be responsible for reasonable attorney's fees, the Court has the power to enforce such an award.  See Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115, 1120 (9th Cir. 1985).

Here, the attorneys' fees and costs demanded are reasonable.  With attorney's rates of $145, $290, and $345 per hour, Plaintiffs are demanding $14,745.00 for 46.5 hours spent on this case.  (Mainguy Decl. at 2, Ex. A.)  The costs sought reasonably consist of the filing fee for the complaint, service of documents upon Defendant and reproduction costs.  (Id. Ex. B.)  The sum of fees and costs is less than other awards historically granted by this District.  See, e.g., Bd. of Trs. v. Cal-Kirk Landscaping, No. C-08-3292, Dkt. No. 95 at 16 (N.D. Cal. Oct. 16, 2012) (Chen, J.) (awarding Plaintiff $34,853.63 in fees and costs).

The Court recommends that Plaintiffs be awarded the full amount of costs and fees sought.

### 5. Audit of Defendant's Books and Records and Request to Retain Jurisdiction

Section 1132 of ERISA authorizes the Court to award "such legal and equitable relief as the court deems appropriate." 29 U.S.C. §1132(g)(2)(E). Plaintiffs seek an Order allowing them to conduct an audit of Defendant's books and records to determine whether Defendant owes additional fees to Plaintiffs. By entering into the Agreements themselves, Defendant agreed to submit to an audit in order to ensure compliance with the Agreements. (See Compl. Ex. A § 8(G) ("Employer and Individual Employer agree that upon a written request . . . the Board of Directiors will direct an audit. . . .").) Additionally, service of the Complaint constituted notice that Plaintiffs would seek an audit against Defendant. An audit is therefore appropriate and justified. Plaintiffs seek an audit:

> covering the period January 1, 2011 to date, by auditors selected by the Trust Funds at Defendant's premises during business hours, or where the records are kept, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant, that are relevant to the enforcement of the collective bargaining agreement or Trust Agreements, including but not limited to the following: Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120- 1040 or partnership tax returns; general ledger – (portion relating to payroll audit).

(See Dkt. 19 (Proposed Judgment).) The Court recommends that judgment be entered compelling Defendant to submit to an audit for the purpose of determining amounts owed, and provide relevant records requested by the auditor, including those described above.

Plaintiffs further request that this Court maintain jurisdiction over the matter such that Plaintiffs may move to amend the judgment in the event that a timely audit reveals further delinquent amounts owed. In ERISA cases, the Court may retain jurisdiction for the purpose of adjusting damages awarded after a timely audit. See Bd. of Trs. v. KMA Concrete Constr. Co., 2011 WL 7446345, at *6 (N.D. Cal. Dec. 20, 2011) (Spero, J.) (retaining jurisdiction to account for further delinquencies discovered by an audit after proper showing by the plaintiff); Bd. of Trs. v. RBS Washington Blvd., LLC, 2010 WL 145097, at *6-7 (N.D. Cal. Jan. 8, 2010) (Alsup, J.)

1  (same).  The Court recommends granting this relief.

2  **III.    CONCLUSION**

3  For the reasons discussed above, the Court recommends that Plaintiffs' motion be granted. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: August 13, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge